# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT APONTE,** | : | No. 3:07cv20 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **AARON TYSON,** | : | |
| **JOHN DOES 4-10,** | : | |
| **MONROE COUNTY CORRECTIONAL** | : | |
| **FACILITY,** | : | |
| **CORRECTIONAL OFFICER CAIN,** | : | |
| **CORRECTIONAL OFFICER** | : | |
| **SIMPSON, and** | : | |
| **CORRECTIONAL OFFICER** | : | |
| **KOLBINSKE,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

On January 4, 2007, plaintiff filed the instant *pro se* complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against guards and officials at the Monroe County, Pennsylvania prison. This court on that day sent plaintiff a letter explaining the procedures and requirements for advancing *pro se* litigation in this district. (See Doc. 3). That letter informed the plaintiff that he had an "affirmative obligation to keep the court informed of his or her current address" and that "[i]f the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (Id.). The plaintiff did not file any certificates of service within sixty days of

filing his complaint. On March 30, 2007, this court issued an order directing the plaintiff to file a status report within ten (10) days. (See Doc. 10). That order was sent to the address provided by the plaintiff but was returned as undeliverable. (See Doc. 11). Plaintiff had not informed the court of any change of address.

A court may dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." FED. R. CIV. P. 41(b). In cases where a plaintiff takes no action to further his claim "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Here, plaintiff has provided no proof of service and has not kept the court informed of his present address, despite clear local rules that require him to do so. Pursuant to our standing order for *pro se* plaintiffs, will we will therefore consider the lawsuit abandoned.

**AND NOW**, to wit, this 24th day of April 2007, the plaintiff's complaint is **DEEMED ABANDONED** for failure to keep the court updated of plaintiff's change in address. The complaint is **DISMISSED** with prejudice and the Clerk of Court is ordered to close the case.

**BY THE COURT:**

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**